**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                    **CASE NO. 1:09CR17-SPM-AK**

**TIBOR ALEX GUBA,**

  **Defendant.**

_____/


**REPORT AND RECOMMENDATION**

        Prior to the indictment in this case, Defendant Guba moved the Court for the return of a

cashier's check in the amount $10,297.70 made payable to Cinque Holding pursuant to Fed. R.

Crim. P. 41(g).  The undersigned set the motion for hearing after the parties expressed their

belief that a hearing was necessary.  After indictment, the motion was re-docketed under the new

criminal number, Doc. 13, and the undersigned was asked to proceed with the hearing on the

motion and to issue the ruling in the form of a Report and Recommendation.  On the day of

hearing, the Government unexpectedly challenged this Court's jurisdiction to proceed because

DEA had allegedly initiated administrative forfeiture proceedings against the check.  The Court

therefore ordered the parties to brief the jurisdictional issue, and after considering the parties'

arguments, the Court rejected the Government's arguments under the facts of this case, as no

administrative forfeiture proceedings had been "initiated."  Doc. 38.  The motion was once again

set for hearing, which has been conducted, and the matter is now in a posture for decision.[1]

 Fed. R. Crim. P. 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the
> deprivation of property may move for the property's return....The court must
> receive evidence on any factual issue necessary to decide the motion.  If it grants
> the motion, the court must return the property to the movant, but may impose
> reasonable conditions to protect access to the property and its use in later
> proceedings.

If the motion for return of property is made during the pendency of the criminal prosecution, the
movant bears the burden of showing that he is entitled to the property.  *United States v.
Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).  "This burden [of establishing lawful entitlement to
the property] is often satisfied by showing that the property was seized from the movant's
possession...." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008).  The movant must,
however, have clean hands, *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005), and he
must show his entitlement to the property by a preponderance of the evidence.  *United States v.
Gotti*, 244 F.Supp. 2d 120, 125 (E.D.N.Y. 2003).  Once Defendant meets his burden, the
Government "must then establish a legitimate reason to retain the property, which may be
satisfied by showing a cognizable claim of ownership or right to possession adverse to the
movant's." *Id.* at 397.  A Rule 41(g) motion "'is properly denied if the defendant is not entitled
to lawful possession of the seized property, the property is contraband or subject to forfeiture, or
the government's need for the property as evidence continues.'" *Id.* (citation omitted).

 A ruling under Rule 41(g) is based on a "balancing of the equities."  *United States v. De*

---

 [1]At the beginning of the hearing, the Government conceded that while the check has been
assigned a number showing that the DEA intends to initiate administrative forfeiture
proceedings, it had not yet served Defendant with notice of that intent or begun the notice by
publication process.  Therefore, based on the Court's prior ruling regarding jurisdiction, the
Government agreed to go forward with the hearing.

*LaMata*, 535 F.3d 1267, 1279 (11th Cir. 2008).   Because it is a motion in equity, the court "will determine all the equitable considerations...to make a fair and just decision."   *Howell*, 425 F.3d at 974.

The check at issue was discovered by law enforcement during a search of Defendant's vehicle incident to his arrest on the criminal complaint alleging possession with intent to manufacture and distribute more than 100 marijuana plants.   There is no allegation that the seizure of the check was unlawful; rather, Defendant alleges that the cashier's check represents proceeds from his legitimate nightclub business, Jewel Nightclub, Inc., dba The Venue, and is a rent payment to his landlord, Cinque Holding.   There is no dispute that Defendant is in fact the owner of The Venue, and there is no evidence that Cinque Holding is not the legitimate landlord of the premises housing Defendant's nightclub.   There is also no evidence that the check represents drug proceeds.   Defendant himself testified, however, that on occasion, the business paid his living expenses, including the payment on the house where the marijuana plants were located.

Instead, the Government argues that the check should not be returned to Defendant because it is forfeitable to the United States based on two reasons.   First, it maintains that the check is forfeitable pursuant to 21 U.S.C. § 853(a) because Defendant sometimes used proceeds from the nightclub to make payments on the alleged grow house, and thus, the check is property "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a drug crime."   Second, it argues that the check is a "substitute asset" pursuant to 21 U.S.C. § 853(p), which allows "forfeiture of substitute assets of the defendant if the property involved in or traceable to the crime is not available for forfeiture."   *United States v. Soreide*, 461 F.3d 1351, 1352 n.1 (11th Cir. 2006); *see also United States v. Bornfield*, 145 F.3d 1123, 1136 (10th Cir.

1998) (to forfeit substitute property in money laundering case, court must first determine that "initial forfeitable property involved in or traceable to the offense is unavailable" under § 853(p)).  Property is considered unavailable for forfeiture if, because of Defendant's acts or omissions, it has, for example, been "substantially diminished in value" or has been "commingled with other property which cannot be divided without difficulty."  21 U.S.C. § 853(p)(1)(D) & (E).

The arguments are really interrelated.  Defendant has admitted that at least occasionally he used proceeds from his business to pay his personal living expenses, including payment on the house where the grow operation was discovered.  The check at issue was drawn on the business account of the nightclub, blurring the extent of club assets which were being used for the club's operations as opposed to the grow operations.  The Government's investigation into Defendant's activities is on-going, a critical part of which will be determining which assets have been used to facilitate the commission of a drug crime and are therefore forfeitable.  Although the instant check itself is arguably for a legitimate business use, the money underlying the check has been commingled with money which, according to the Government, has been used to bankroll the fledgling grow operation at the heart of the instant indictment.  Consequently, the Court does not believe Defendant has proved that it is more likely than not that he is entitled to the return of the check, but even if he has met his burden of proof, the Government has, to the undersigned's satisfaction, shown that the check is subject to forfeiture.  Nevertheless, nothing in this R&R is intended to be dispositive of the forfeiture question, which will be resolved in other proceedings.

Accordingly, it is respectfully **RECOMMENDED** that the motion for return of property, Doc. 13, be **DENIED**.

Case No: 1:09cr17-spm-ak

**IN CHAMBERS** at Gainesville, Florida this 11ᵗʰ day of June, 2009.


S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**