**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                                   **CASE NO. 1:09CR17-SPM-AK**

**TIBOR ALEX GUBA,**

     **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

At the conclusion of the arraignment of Defendant Guba on the superseding indictment, the Government orally moved to prevent the transfer of a liquor license in the name of "Wiseguys" which is owned, at least in part, by Defendant.  Doc. 67.  The parties were directed to brief the issue, and having confirmed this Court's authority to go forward with the matter, the Court turns to the Government's motion, which has been reduced to writing.  Doc. 68; *see also* Doc. 70.

At issue is whether the Court should issue a protective order under 21 U.S.C. § 853(e) to prevent Defendant from disposing of assets during the pendency of this criminal case which, while not directly subject to criminal forfeiture under § 853(a), may be forfeitable as "substitute assets" under § 853(p).  Section 853(e)(1)(A) states that upon application by the Government, "the court may enter a restraining order or injunction, require the execution of a satisfactory

performance bond, or take any other action to preserve the availability of property described in subsection (a)...for forfeiture" if the Government can show that "the property with respect to which the order is sought, would, in the event of conviction, be subject to forfeiture under this section...."

The Eleventh Circuit has not ruled on the precise question posed regarding whether § 853(e) can be used to protect "substitute assets," i.e., assets that can be criminally forfeited if the otherwise forfeitable assets under subsection (a) cannot be reached because, for example, the forfeitable property has been "substantially diminished in value" or has been "commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1)(D) & (E); *see also United States v. Soreide*, 461 F.3d 1351, 1352 n.1 (11th Cir. 2006) (forfeiture of substitute assets of defendant is appropriate if property involved in or traceable to crime is not available for forfeiture).

However, the Fifth Circuit has addressed the issue at hand, holding that the Government may not "restrain substitute assets before conviction under § 853(e)." *United States v. Floyd*, 992 F.2d 498, 501 (5th Cir. 1993). In reaching that conclusion, the court stated:

> We find that the statute controlling the restraint before us [§ 853(e)] plainly states what property may be restrained before trial. Congress made specific reference to the property described in § 853(a), and that description does not include substitute assets. Congress treated substitute assets in a different section, § 853(p). To allow the government to freeze [a defendant's] untainted assets would require us to interpret the phrase "property described in subsection (a)" to mean property described in subsection (a) *and (p)*.

*Id*. at 502 (emphasis in original). While recognizing that the provisions of § 853 are to be liberally construed under § 853(o) "to effectuate its remedial purposes," the Fifth Circuit concluded:

> [T]his command for a liberal construction does not authorize us to amend by

interpretation. *Monsanto* gives no such license. Rather it counsels against such "glossing." Interpreting the same statute at issue here, the *Monsanto* Court refused to find an exception for attorneys' fees where Congress had not provided one and concluded by saying, "[i]f...we are mistaken as to Congress' intent, that body can amend this statute to otherwise provide. But the statute as presently written, cannot be read any other way." We also cannot read § 853(e)(1)(A) any other way.

*Id*. (quoting *United States v. Monsanto*, 491 U.S. 600 (1989)).

The Court respectfully agrees with *Floyd* and recommends that the Government's motion for protective order be denied for the reasons stated therein. However, even if this conclusion regarding the reach of § 853(e) is in error, the Court, which has already held numerous hearings in this case, does not believe that the Government has shown that the Wiseguys liquor license is a reachable substitute asset. While the alleged grow house may have diminished in value because of real estate market conditions in Alachua County, Florida, and the vehicle in which grow equipment was discovered is worth less than the amount owed on it and has been repossessed by the bank, there has never been any argument made that it was Defendant's acts or omissions which have caused the real property or the vehicle to be "substantially diminished in value." *See* § 853(p)(1)(D). Furthermore, the Government has never presented any evidence-- and it does not make any argument now--to suggest that the liquor license for Wiseguys, a defunct nightclub, or other assets from Wiseguys was commingled with the assets of The Venue, Defendant's current nightclub, which the Court has suggested are potentially forfeitable, *see* Doc. 42, so as implicate reaching the Wiseguys license via § 853(p)(1)(E).

The Court's conclusions do not necessarily leave the Government with no recourse if it can show under § 853(f) "probable cause to believe that the [Wiseguys liquor license] would, in the event of conviction, be subject to forfeiture," since § 853(e) is not available as a matter of law "to assure the availability of the property for forfeiture...." *See United States v. Bailey*, 419

F.3d 1208 (11th Cir. 2005) (if § 853(e) is insufficient to assure availability of property for forfeiture, government may seek actual seizure of property). The Government has not requested relief under subsection (f), and though, for purposes of the instant motion, it has not, under the Court's alternative grounds for denying relief, shown that the Wiseguys license is forfeitable as a substitute asset, nothing in this R&R is intended to foreclose it from making the necessary showing at a future date under § 853(f) or in a forfeiture proceeding.

Accordingly, it is respectfully **RECOMMENDED** that the Government's oral motion to prevent transfer of the Wiseguys liquor license, Doc. 67, and its motion for restraining order or injunction, Doc. 68, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida this 2nd day of July, 2009.

    S/A. Kornblum
    ALLAN KORNBLUM
    UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**