IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:09-cr-17-SPM/AK-1

TIBOR ALEX GUBA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on the Defendant's Motion to Dismiss the Indictment or, in the alternative, Motion in Limine (doc. 108), to which the Government has responded in opposition (doc. 114), and the Defendant's Request for a Jury Instruction (doc. 113), to which the Government has responded in opposition (doc. 115). For the following reasons, The Defendant's Motion to Dismiss or Motion in Limine will be denied, and the Defendant's Request for a Jury Instruction on the definition of plant will be granted.

**BACKGROUND**

On June 23, 2009, the Defendant was charged by way of a superseding indictment (doc. 44) with three counts: (1) conspiracy to distribute a controlled substance, offense involving more than one hundred marijuana plants; (2)

possession with intent to distribute a controlled substance, offense involving more than one hundred marijuana plants; and (3) possession of a firearm in furtherance of a drug trafficking crime.

The physical plant evidence in this case was obtained pursuant to the execution of a search warrant at the Defendant's property on or about April 22, 2009. In May 2009, Defendant's counsel made a request for discovery pursuant to Federal Rule of Criminal Procedure 16. Government's counsel responded with a letter dated June 10, 2009, which listed "151 marijuana plants" in evidence. In February 2010, an investigator working on behalf of the Defendant scheduled an appointment to view the evidence and learned that the marijuana had been destroyed.

On January 12, 2010, the Court conducted a hearing on Defendant's Motion to Suppress Evidence (doc. 83), which was ultimately denied (doc. 105). At the hearing, the Government played a video of Drug Enforcement Administration agents executing the search warrant at the Defendant's property, where they discovered substantial evidence of marijuana production at various stages of development. Upon viewing the video, Defense counsel became concerned that much of the marijuana growths seized by the Government were not plants within the meaning of the relevant criminal statutes.

**DISCUSSION**

**A.     Motion to Dismiss**

Defendant moves to dismiss the indictment based upon the Government's destruction of physical marijuana evidence which is potentially useful to the Defendant. When evidence that is potentially useful to the defense is destroyed, bad faith in connection with the destruction of the evidence must be shown before an indictment will be dismissed on due process grounds. See United States v. Brown, 9. F.3d 907, 910 (11th Cir. 1993). In the absence of bad faith, dismissal on due process grounds may still be ordered if the evidence at issue "'possess[ed] an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" Id. (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)).

In the present case, Defendant cannot show bad faith on behalf of the Government. Upon the Defendant's request, Government's counsel notified Defendant's counsel that what he believed to be 151 marijuana plants were in evidence. Several months elapsed before agents of the Defendant arranged to view the marijuana, by which time it had been destroyed. While it may be negligent, it is not unreasonable or per se malicious that a custodian of the possibly rotting and likely foul smelling marijuana had destroyed it during the intervening period, particularly where, as here, there was no reason to believe,

even on the part of the Defendant, that what was being held would be exculpatory or useful to the Defendant. Also, it is not clear that the marijuana possessed an apparent exculpatory value prior to its destruction. It was not until viewing the Government's video at the suppression hearing that the Defendant surmised that a substantial amount of the evidence obtained might not be plants within the meaning of the statutes, and it is impossible to determine from the video that the appropriate number of marijuana sprouts as charged did not contain root formations. As the Defendant cannot demonstrate bad faith by the Government or prove that the evidence destroyed possessed an apparent exculpatory value, the Motion to Dismiss the indictment must be denied.

**B. Motion in Limine**

Defendant also moves to preclude case agents from testifying that the marijuana materials were actually plants, as the Defendant claims that he is unable to confront this evidence given the destruction of the marijuana. Even if the marijuana had not been destroyed, given the amount of time that had elapsed from the time the evidence was seized, the time the Defendant made arrangements to view it, and the time of the trial as scheduled, it is doubtful that the deteriorated physical evidence would have assisted the jury in any significant way in determining whether the Government has proven that the Defendant's offense involved the requisite number of marijuana plants as charged. Moreover, the Defendant will be able to challenge the agent's testimony as to the existence

and number of marijuana plants by reference to the video, through cross-examination, and during opening and closing statements. Accordingly, the Motion in Limine must also be denied.

**C. Jury Instruction**

Defendant requests a jury instruction on the definition of a marijuana plant. "Cuttings and seedlings are not 'marihuana plants' within the meaning of 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1(c) unless there is some readily observable evidence of root formation." United States v. Foree, 43 F.3d 1572, 1581 (11th Cir. 1995) (internal citation omitted). In United States v. Acosta, 323 Fed.Appx. 751 (11th Cir. 2009), the Eleventh Circuit Court of Appeals, while concluding that the District Court did not abuse its discretion by denying the Defendant's request for a mistrial after denying the Defendant's request for a jury instruction on the definition of marijuana plant, indicated that "to the extent that there was a dispute regarding the number of marijuana plants at issue in this case, the court may have been obligated to issue an instruction." Id. at 760.

In the present case, both the conspiracy count and the manufacture and possession count against the Defendant charge that "this offense involved more than one hundred (100) marijuana plants[.]" As there is a dispute regarding the number of marijuana plants at issue in this case, and as the indictment charges that the Defendant's alleged drug offenses involved a specific number of marijuana plants, rendering the number of plants involved in each offense a

proof issue as well as a sentencing issue, the Defendant's request for a jury instruction on the definition of marijuana plant will be granted.

**CONCLUSION**

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss or, in the alternative, Motion in Limine (doc. 108) is *denied* and the Defendant's Request for a Jury Instruction on the definition of marijuana plant (doc. 113) is *granted*.

DONE AND ORDERED this eighth day of April, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge