IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:09-cr-17-SPM/AK-1

TIBOR ALEX GUBA,

    Defendant.
_____/

# **ORDER**

THIS CAUSE comes before the Court on the Defendant's Renewed Motion to Dismiss and for Judgment of Acquittal (doc. 142), Defendant's Second Motion to Suppress Evidence From Search of Defendant's Home (doc. 143), and Defendant's Motion to Supplement the Record on Pending Motions (doc. 167). The Court conducted a hearing on the Defendant's Motions (docs. 142, 143) on June 29, 2010. Good cause having been found, the Motion to Supplement the Record (doc. 167) is granted. For the reasons expressed herein, the Renewed Motion to Dismiss or Exclude and for Judgment of Acquittal (doc. 142) and Second Motion to Suppress Evidence From Search of Defendant's Home (doc. 143) will be denied.

**DISCUSSION**

**A.     Renewed Motion to Dismiss or Exclude, For Judgment of Acquittal**

Defendant filed a renewed Motion to Dismiss the Indictment, Exclude Evidence Regarding the Quantity of Marijuana Plants, or Motion for Judgment of Acquittal (doc. 142). As the Court finds that the evidence presented at trial is not insufficient to sustain a conviction on the remaining counts against the Defendant, the Motion for Judgment of Acquittal is denied pursuant to Federal Rule of Criminal Procedure 29.

Moreover, the Court has issued a prior Order (doc. 126) denying the Defendant's first Motion to Dismiss the Indictment or Exclude Evidence (doc. 108). The Defendant has produced no additional evidence demonstrating bad faith on the part of the Government in the destruction of the marijuana material, or that the destroyed marijuana material possessed an apparent and incomparable exculpatory value to the Defendant's case. Accordingly, for the reasons expressed in the Court's prior Order (doc. 126) denying the Defendant's Motion to Dismiss and to Exclude (doc. 108), the renewed Motion (doc. 142) is DENIED.

**B.     Second Motion to Suppress Evidence From Search of Home**

Defendant has filed a Second Motion to Suppress the Evidence from the Search of the Defendant's Home (doc. 143). The Court previously issued an Order (doc. 105) denying the Defendant's original Motion to Suppress (doc. 83).

The Second Motion asserts that conflicting statements of law enforcement and evidence presented by the Government at trial provide additional grounds in support of the request to suppress all evidence obtained from the Defendant's home. However, the mere fact that Government witness Paul Cedeno, the cooperating defendant in this case, expressed an opinion that the odor of the marijuana could not be detected from outside of the home, does not mean that trained DEA agents did not detect the smell of marijuana emanating from the home as they approached from the neighboring property, which was the testimony of the agents at the first suppression hearing, or that the DEA agents' testimony was untruthful. Aside from this argument, the Defendant relies on arguments previously raised in the first Motion to Suppress (doc. 83). Accordingly, for the reasons expressed above and in the Court's Order (doc. 105) denying the Defendant's first Motion to Suppress (doc. 83), the Defendant's Second Motion to Suppress Evidence From the Search of the Defendant's Home (doc. 143) is DENIED.

DONE AND ORDERED this <u>nineteenth</u> day of August, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge